UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LE'TAXIONE X,

    Plaintiff,

v.

CORRECTIONS OFFICER ROCHON, *et al.*,

    Defendants.

Case No. C08-1430-MJP-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action under 42 U.S.C. § 1983. This matter is now before the Court on plaintiff's motion for preliminary injunctive relief. Plaintiff asserts in his motion that two corrections officers at the Clallam Bay Corrections Center, officers Cram and Germeau, have improperly searched, read, and confiscated legal documents relevant to this litigation thereby interfering with plaintiff's right of access to the courts. Plaintiff seeks an order prohibiting officers Cram and Germeau from searching his legal documents in the future and directing that legal documents which have been confiscated by these officers be returned. This Court, having reviewed plaintiff's motion, and the balance of the record, concludes that plaintiff's motion for preliminary injunctive relief should be denied.

## DISCUSSION

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking a preliminary injunction must fulfill one of two standards, the "traditional" or the "alternative." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

*Cassim v. Bowen*, 824 F.2d at 795 (citations omitted).

The standards "are not discrete tests, but are instead 'outer reaches of a single continuum.'" *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995) (citing *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988)). To obtain injunctive relief under either standard the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief. *Id*. Rather, "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id*. (emphasis in original).

As noted above, plaintiff's request for preliminary injunctive relief arises out of the conduct of two corrections officers at the Clallam Bay Corrections Center ("CBCC"). However, the claims asserted by plaintiff in his civil rights complaint arise primarily out of his incarceration at the Monroe Corrections Center ("MCC") from December 2005 to July 2008. In fact, eight of the nine

defendants are MCC employees.[1] Only a single named defendant, Chaplain Duncan, is associated in any way with CBCC and plaintiff makes no allegation in either his complaint or his motion for preliminary injunctive relief that this individual has interfered with his right of access to the courts. Neither Corrections Officer Cram nor Corrections Officer Germeau, the two individuals whom plaintiff asserts have interfered with his right of access to the courts at CBCC, is a party to this action. Accordingly, this Court has no jurisdiction to enjoin their conduct.

## CONCLUSION

For the reasons set forth above, this Court recommends that plaintiff's motion for preliminary injunctive relief be denied. A proposed order accompanies this Report and Recommendation.

DATED this 28th day of April, 2009.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

---

[1] Plaintiff identified sixteen defendants in his civil rights complaint. However, plaintiff failed to adequately allege causes of action against seven of those defendants. Thus, those seven defendants were dismissed from this action prior to service. (*See* Dkt. No. 4.)